UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-10863-JLS-PVC                          Date: March 26, 2026
Title: The Dixon Collective LLC v. Legends Fanfest LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Kelly Davis                                              N/A
   Deputy Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE RE
                        SUBJECT MATTER JURISDICTION**

The operative complaint filed by Plaintiff The Dixon Collective LLC ("Dixon") brings claims for breach of contract and quantum meruit against Defendants Big Vision Rentals LLC ("Big Vision") and Charles D. Haifley.  (Compl., Doc. 100.)  The complaint alleges that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), "because the parties are citizens of different states and the amount in controversy exceeds $75,000."  (*Id.* ¶ 6.)

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As the party invoking federal jurisdiction, Dixon has the burden of establishing that this case is within the Court's jurisdiction.  *See id.* However, Dixon's allegations are insufficient to establish complete diversity of citizenship.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("[E]ach of the plaintiffs must be a citizen of a different state than each of the defendants.").  As to its own citizenship, Dixon alleges only that it "is a limited liability company organized under the laws of the State of California with its principal place of business in Santa Monica, California."  (Compl. ¶ 8.)  As to Big Vision's citizenship, Dixon alleges that "Big Vision is a limited liability company organized under the laws of the State of Nevada with its principal place of business in Las Vegas, Nevada and Offices in Los Angeles, California."  (*Id.* ¶ 9.)  However, "an LLC is a citizen of every state of

**CIVIL MINUTES – GENERAL**                                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-10863-JLS-PVC                          Date: March 26, 2026

Title: The Dixon Collective LLC v. Legends Fanfest LLC et al

which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Dixon does not provide information as to its own or Big Vision's owners or members, so the Court cannot determine the citizenship of Dixon or Big Vision.  Moreover, Dixon's allegation that "Haifley is an individual residing in the State of Nevada and in California," (Compl. ¶ 10), is insufficient to establish Haifley's citizenship.  *See Hossein v. Cantor*, 2024 WL 866534, at *1 (C.D. Cal. Feb. 29, 2024) ("'[A] natural person's state citizenship is [] determined by her state of domicile' . . . .  Domicile requires both physical residence in a state and intent to remain there permanently." (quoting *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001))).

    Accordingly, Dixon is ORDERED to show cause, in writing, no later than **March 30, 2026, at 12:00 p.m.**, why this action should not be dismissed for want of federal jurisdiction.  Failure to timely or adequately respond will result in the dismissal of this action.

Initials of preparer: kd